IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

ANGELE L. CHANG-WILLIAMS,          :
et al.                             :
                                   :
     v.                            :   Civil Action No. DKC 10-0783
                                   :
UNITED STATES OF AMERICA           :


                        **MEMORANDUM OPINION**

    Presently pending and ready for resolution in this action under the Federal Tort Claims Act ("FTCA") is a "motion to increase damages" filed by Plaintiff Angele Chang-Williams. (ECF No. 26). The issues have been fully briefed and the court now rules, no hearing being necessary. *See* Local Rule 105.6. For the reasons that follow, Chang-Williams' motion to increase damages will be denied.[1]

**I.  Background**

    This case stems from a shooting incident in November 2002. On the night of November 12, U.S. Marine Corps Sergeant Estabon Eugene appeared at Chang-Williams' home looking for his estranged wife, Chang-Williams' niece. Not finding her, Eugene shot and killed Chang-Williams' husband, Kelvin, and her son, Aldwin. Eugene also shot Chang-Williams, but she survived. In

---

    [1]  Also pending is a motion for leave to file a surreply. (ECF No. 29). That motion will be denied.

this action, Chang-Williams, her two daughters, and her husband's mother all seek damages from the United States. They allege that members of the Marine Corps promised to protect Chang-Williams and her family from Eugene.

On November 12, 2004, Chang-Williams and her two daughters, DeLisia Carpenter and Vinele Chang, submitted an administrative claim to the Department of the Navy. That claim, which sought damages for the 2002 shooting, was prepared by an attorney. The administrative claim describes many of the facts underlying this suit, lists supporting witnesses and documents, and requests particular amounts of damages for each claimant.

In total, the administrative claim sought $2,616,147.12 from the United States for its role in the 2002 incident. Chang-Williams requested $898,115 for her own personal injuries and $1,018,032.12 for the wrongful deaths of her husband and son. Each daughter sought an additional $350,000 for the wrongful deaths of their father and brother. Chang-Williams states that none of the itemized damage requests included amounts for lost wages or other economic benefits.

After the Navy denied her administrative claim in September 2009, Chang-Williams filed a *pro se* complaint in this court in March 2010. In her original complaint, Chang-Williams sought damages of $6 million on her own behalf – an amount almost $3.4

million above the total sum stated in the administrative claim. Her daughters were not listed as plaintiffs.

The government subsequently filed a motion for summary judgment, which the court granted in part and denied in part. *See Chang-Williams v. Dep't of the Navy*, 766 F.Supp.2d 604 (D.Md. 2011). Of particular relevance here, the opinion on that motion observed that the Maryland Wrongful Death Act requires all statutory wrongful death beneficiaries to be named in a single action. *Id.* at 629-30. Accordingly, the court ordered Chang-Williams to file an amended complaint "listing Vinele and DeLisia as plaintiffs." *Id* at 630. The court further instructed Chang-Williams to "notify the court if . . . there exist other statutory beneficiaries (*e.g.*, surviving parents of Kelvin, other children, etc.) who should be included." *Id*.

After the court's decision on summary judgment, Chang-Williams filed an amended complaint through new counsel that went beyond simply adding her two daughters as plaintiffs. (ECF No. 19). The amended complaint alleged a number of new facts, added a new party (Kelvin's mother, Isla Washington), and requested an additional $4 million in damages. The amended complaint now seeks a total of $10 million in compensation from the government – almost four times as much as Chang-Williams and her daughters originally sought.

3

Several months later, on June 8, 2011, Chang-Williams filed the present "motion to allow damages in excess of amount claimed before agency."  (ECF No. 26).  Evidently, Chang-Williams now recognizes that the new request for damages was much higher than the amount she sought at the administrative level.  She contends that she should be permitted to seek an additional amount reflecting "economic" damages.  (ECF No. 26, at 1).  The United States opposes.  (ECF No. 27).  Chang-Williams has also filed a reply.  (ECF No. 28).

**II. Analysis**

The FTCA places certain limits on the amount of damages a plaintiff may seek under the Act.  Generally, an FTCA plaintiff may not sue for "any sum in excess of the amount of the claim presented to the federal agency."  28 U.S.C. § 2675(b); *see also McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993); *Sebroski v. United States*, 111 F.Supp.2d 681, 683 (D.Md. 1999).  Section 2675(b) does allow, however, for some "flexibility."  *Ahmed v. United States*, 30 F.3d 514, 518 (4th Cir. 1994).  In particular, a plaintiff may seek a sum of damages in a civil action higher than the amount she sought in her administrative claim where (1) she has "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or (2) she can allege and prove "intervening facts" related to the damage amount.  28 U.S.C. § 2675(b).  The plaintiff bears the

4

burden of showing that one of these two exceptions applies.[2] *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990); *accord Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2001).

Chang-Williams does not attempt to invoke either of the two statutory exceptions to the cap on damages in section 2675(b). Although she identifies the relevant exceptions, she offers no argument concerning them. A review of the record indicates she would have no basis for arguing either exception applies.

*First*, her request does not rest upon "newly discovered evidence," as she wishes to add damages for lost wages and economic benefits that were known at the time of initial filing. At the outset, a new theory of damages can hardly be called "evidence." Even if it were evidence, this new lost wages theory was "reasonable discoverable" at the time the administrative claim was made. *See Spivey*, 912 F.2d at 85 (explaining that a plaintiff must show that the evidence "could

---

[2] Chang-Williams misunderstands the nature of this burden. On reply, she points to proposed expert testimony establishing economic damages for Aldwin and Kelvin Chang. (ECF No. 28, at 1-3). Her burden under 28 U.S.C. § 2675(b) is not to establish an entitlement to the new damages; this is not a motion for summary judgment. Rather, she must show that the new damages rest upon either newly discovered evidence or intervening facts. *See, e.g., Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir. 1976). The proffered expert testimony shows neither. Nor is the expert testimony itself a newly discovered piece of evidence or an intervening fact as contemplated by § 2675(b).

5

not have been discovered" before the administrative filing to constitute "newly discovered evidence"). Indeed, Chang-Williams herself recognizes that "lost wages [are] inherent in a [w]rongful death action." (ECF No. 26, at 5). She states that a sum for lost wages "should have been included" as such damages are "foreseeable." (*Id.* at 5, 6). And she characterizes such claims as "obvious." (*Id.* at 7). Plainly, then, this exception cannot apply. *See, e.g.*, *Lowry v. United States*, 958 F.Supp. 704, 711 (D.Mass. 1997) ("If the condition was reasonably foreseeable at the time the claim was filed, an increase will not be allowed.").

*Second*, her increased damages request does not relate to "intervening facts." To the contrary, Chang-Williams does not mention any facts in her motion that arose between the time of her administrative filing and today. To the extent she relies upon her later realization that she could have sought additional damages, no court has ever held that post-administrative-filing remorse is an "intervening fact" under section 2675(b).

Instead of relying upon the two statutory exceptions, Chang-Williams appeals to principles of equity. She asserts that her attorney should have included her lost wage claim in the original administrative claim, and that she did not catch the mistake as a layperson recovering from a traumatic incident.

6

She emphasizes that her claim is meritorious. And she points out that the government would not be prejudiced.

None of these quasi-equitable arguments is relevant. Section 2675(b) is part of a broader scheme that waives some degree of the government's sovereign immunity, and the FTCA waiver must be narrowly construed. *Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). Thus, the court cannot accept Chang-Williams' invitation to read new exceptions into the requirements of the statute.

As the cases cited by the government demonstrate, other courts have also routinely rejected the types of equitable arguments that Chang-Williams makes here. Attorney error is not a ground for increasing a damage claim under section 2675(b). *See Davis v. Marsh*, 807 F.2d 908, 910-12 (11th Cir. 1987); *Martinez v. United States*, 780 F.2d 525, 527-28 (5th Cir. 1986); *Hoehn v. United States*, 217 F.Supp.2d 39, 43-44 (D.D.C. 2002). Nor will a litigant's lack of legal knowledge or skill justify a higher damage claim.[3] *See Le Grand v. Lincoln*, 818 F.Supp. 112,

---

[3] Chang-Williams cites one case, *McCarter v. United States*, 373 F.Supp. 1152 (E.D.Tenn. 1973), that might suggest otherwise. In *McCarter*, the court permitted a man with a limited education to state additional claims not originally presented because he was "not aware that he was entitled to additional compensation." *Id.* at 1153. The decision in that case, however, is an outlier that "does not at all square with the specific language of the statute relaxing the limitation upon the amount of a permitted claim and . . . does not give due

7

115-16 (E.D.Pa. 1993); *Schubach v. United States*, 657 F.Supp. 348, 349-50 (D.Me. 1987); *Robinson v. United States*, 563 F.Supp. 312, 314 (W.D.Pa. 1983); *cf. Adeleke v. United States*, 355 F.3d 144, 153 (2[d] Cir. 2004) (explaining that the "procedural hurdle" of administrative exhaustion "applies equally to litigants with counsel and to those proceeding *pro se*" (citing *McNeil*, 508 U.S. at 113)). Nor should the merits of a claim affect the application of this procedural rule. *See, e.g.*, *Jackson v. United States*, 730 F.2d 808, 810 (D.C.Cir. 1984) (limiting an FTCA plaintiff to the damages she claimed at the administrative level, without expressing an opinion on the merits). These sorts of equitable considerations have no place in the section 2675(b) context because, if anything, equity favors *the government* in this context:

> The goal of the administrative claim requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions. As between prospective defendant and prospective plaintiff, the latter is in

---

recognition to the serious purpose of the statutory language in defining the consent of the United States to be sued in tort." *Schubach v. United States*, 657 F.Supp. 348, 350 n.5 (D.Me. 1987); *see also Exec. Jet Aviation v. United States*, 507 F.2d 508, 516 n.4 (6th Cir. 1974) (noting that the court in *McCarter* "clearly was straining the exception").

> by far the better position to determine the worst-case scenario or, if uncertain, to paint the picture as bleakly as reason permits and conscience allows. If a plaintiff misjudges, as to matters known or easily deducible when her claim is filed, it seems more equitable for her to bear the burden of miscalculation than to impose it on the sovereign.

*Reilly v. United States*, 863 F.2d 149, 173 (1st Cir. 1988) (citations, brackets, and quotation marks omitted).

Chang-Williams also references prejudice, which seems to be an allusion to the ordinary standard for amending pleadings found in Federal Rule of Civil Procedure 15(a). Section 2675(b), however, imposes its own independent requirements; it would be a mistake to substitute the "liberal pleading requirements" of Rule 15(a) for the "narrower" requirement found in the FTCA. *See O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842, 856 (2d Cir. 1984), *overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 230 (1991); *see also Reilly v. United States*, 665 F.Supp. 976, 1011 (D.R.I. 1987) (explaining that the amendment of pleadings is governed by Rule 15, but such pleadings must "independently satisfy" section 2675). Thus, prejudice to the United States is not a proper consideration here.

Even if prejudice were properly considered, the government would be prejudiced by allowing Plaintiffs to multiply their claims against the United States several times over. For

9

instance, permitting a tardy increase in the damages claimed would impair the government's ability to assess a claim's settlement value accurately, which is the very purpose of the "sum certain" requirement imposed on FTCA administrative claimants. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Chang-Williams cannot sincerely argue that the government should have anticipated a fourfold increase in damages from the time of presentment to now.

Plaintiffs' present position is unfortunate. It is regrettable that their original administrative claim did not include everything it might have. But at bottom, Chang-Williams' motion is largely a late attempt to change the theory and value of the case. The court cannot countenance such an effort, as section 2675(b) "would be meaningless if claimants, after rejection of their claim, could institute actions for amounts in excess of the claim filed merely because they, or their attorneys, are of the opinion that the claim has a greater value." *Kielwien v. United States*, 540 F.2d 676, 681 (4th Cir. 1976); *accord Lowry*, 958 F.Supp. at 713 ("The purpose of section 2675(b) undoubtedly is to limit claims on which there is only a change in valuation between the agency claim and the lawsuit.").

Thus, Plaintiffs will be limited to the amount of damages originally sought in the administrative action. But in her reply, Chang-Williams suggests this figure should include more

than the $2,616,147.12 sum she sought in her initial SF-95 form. She contends that she also supplemented her original claim via a letter dated January 25, 2005. (ECF No. 28, at 3-5). That letter "supplements" the original claim by adding additional economic damages of up to $58,860. (ECF No. 28-4, at 3).

Chang-Williams raised this supplementation argument only on reply. The government objects to its consideration (ECF No. 29), and rightfully so. *See Chang-Williams*, 766 F.Supp.2d at 620 n.16 (explaining that courts generally do not consider new arguments on reply). The court notes that the supplement may run afoul of the FTCA's two-year statute of limitations for administrative filings, *Ahmed*, 30 F.3d at 516 (citing 28 U.S.C. § 2401(b)), as it was filed after the limitations period evidently ended on November 12, 2004. Although one might argue that the supplement relates back to the original, timely administrative filing, the Fourth Circuit has never addressed that idea and the circuit courts seem to be split on the issue. *Compare Lee v. United States*, 980 F.2d 1337, 1339 (10th Cir. 1992) (finding untimely supplement to administrative claim did not relate back to timely filing), *and Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (same), *with Avila v. INS*, 731 F.2d 616, 620 (9th Cir. 1984) (finding amendment filed after expiration of limitations period but before final agency action related back to timely administrative claim). *See also Murrey*

11

*v. United States*, 73 F.3d 1448, 1450 (7th Cir. 1996) ("There is no 'relation back' provision [in the FTCA] corresponding to Rule 15(c)(1) of the civil rules."). Accordingly, the court declines to address the issue now. Even if the supplement was timely, however, it would only justify an increase of $58,860, not the several-million-dollar increase Chang-Williams requests. Therefore, even if Chang-Williams' position is the correct one, she would at most be entitled to seek only up to $2,675,007.12 in total damages.

**III. Conclusion**

For the foregoing reasons, the motion to increase damages will be denied. A separate order will follow.

                                              /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge